IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

3:17-CV-674-DJH

RITA D. ROSS                                                                                     PLAINTIFF
2013 Dubourg Avenue
Louisville, Kentucky 40216

v.

EQUIFAX INFORMATION SERVICES, LLC                                         DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                        421 W. Main St.
                        Frankfort, KY 40601
                        (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Rita D. Ross, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding alleged collections accounts.

### II. PARTIES

2. Plaintiff, Rita Ross, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2013 Dubourg Avenue, Louisville, Kentucky 40216.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around July 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered fourteen miscellaneous tradelines showing alleged collections accounts.

9. Immediately upon discovery of the tradelines, Plaintiff disputed the tradelines with Equifax. Specifically, Plaintiff disputed CAP ONE account number 548878505***, GM FINANCIAL account number 448791***, GM FINANCIAL account number 442367***, DP OF EDUC account number 2251735*, DP OF EDUC account number 2251734*, GLA COLLECTION CO INC account number 12221560014414***, MERCHANTS AD account

number 9704***, ENHANCED RECOVERY CO L account number 79465***, GLA COLLECTION CO INC account number 928166001480***, GLA COLLECTION CO INC account number 7221560013667***, GLA COLLECTION CO INC account number 11291660014872***, GLA COLLECTION CO INC account number 12301560014139***, SYNCB/CARECR account number 6019183247101***, and USD/GLELSI account number 9923741*** and requested that Equifax investigate and delete the tradelines.

10. In or around September 2017, Equifax, despite Plaintiff's dispute of the foregoing tradelines, failed to investigate the tradelines and, consequently, failed to delete or amend the tradelines. In addition, Equifax, in violation of 15 U.S.C.§ 1681i(a)(1)(A), failed to provide Plaintiff with the results of any investigation or reinvestigation of Plaintiff's disputes.

11. Equifax's failure to investigate Plaintiff's disputes, its failure to delete and/or amend its reporting of the subject tradelines and its failure to provide Plaintiff with the results of any investigation or reinvestigation of Plaintiff's diputes has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence

12. Equifax's failure to investigate Plaintiff's disputes and its failure to remove the PFC tradeline from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove PFC's false reports regarding the PFC account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories

for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

13. Equifax's negligent failure to investigate Plaintiff's disputes and to remove miscellaneous tradelines from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, denial of employment opportunities to Plaintiff, and other compensatory and consequential damages.

14. Equifax's failure to investigate Plaintiff's disputes and to remove PFC's false report regarding the PFC account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Equifax

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed accounts are past due. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

17. Equifax's publication of false statements regarding Plaintiff's creditworthiness and her alleged late payment amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

19. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items, and its violation of 15 U.S.C.

§1681i(a)(1)(A) are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

21. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items and its violation of 15 U.S.C. §1681i(a)(1)(A) are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

24. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Rita D. Ross, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

**VERIFICATION**

## VERIFICATION

I, Rita D. Ross, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Rita D. Ross

STATE OF KENTUCKY         )
                          ) SS
COUNTY OF JEFFERSON       )

Subscribed, sworn to and acknowledged before me by Rita D. Ross this 8th day of November, 2017.

_____
Notary Public

Commission expires: March 28, 2018

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018